# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
2016 JUN 13 P 3: 23

| | |
|---|---|
| RONALD H. POSYTON, III<br>868 Carleton Road,<br>Westfield, New Jersey 07090<br><br>               *Plaintiff,*<br>    Vs.<br><br>ATLANTIC HEALTH SYSTEMS, INC.<br><br>  Serve:    Office of General Counsel<br>              Sheilah O'Halloran, Esq.<br>              475 South Street,<br>              Morristown, New Jersey 07962<br><br>        And<br><br>SUMMIT OAKS HOSPITAL, INC.<br><br>  Serve:    Amy Halley<br>              Summit Oaks Hospital,<br>              19 Prospect Street,<br>              Summit, New Jersey 07901<br><br>        And<br><br>GENE LUI<br>Overlook Medical Center,<br>99 Beauvoir Ave,<br>Summit, New Jersey 07901<br><br>        And<br><br>CHARLES ROLAND<br>Overlook Medical Center,<br>99 Beauvoir Ave,<br>Summit, New Jersey 07901<br><br>        And<br><br>ISIDORE KEIMAN<br>Summit Oaks Hospital,<br>19 Prospect Street,<br>Summit, New Jersey 07901<br><br>        And<br><br>DAVID RAY<br>Summit Oaks Hospital,<br>19 Prospect Street,<br>Summit, New Jersey 07901<br>                  *Defendants* | Case No.: _____ |

Ronald H. Posyton, III

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Ronald H. Posyton, III, proceeding *pro se*, seeking monetary compensation and declaratory judgement against the above-named *Defendants*, and in support thereof, alleges as follows:

### INTRODUCTION

This action is brought pursuant to Title 42 U.S.C. 12101 *et seq.*; illegal seizure; false imprisonment; assault; battery; medical malpractice; among other things.

### JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to Title 28 U.S.C. §§ 1331, 1343, 1367, 1651, 2201, 2202.

2. Venue is proper pursuant to Title 28 U.S.C § 1391. *Defendants*, upon information and belief, are either residents, incorporated, or have jurisdictional affiliations in New Jersey.

### PARTIES

3. *Plaintiff*, Ronald H. Posyton, III ("MR. POSYTON") is 21 years old, and a resident of New Jersey.

4. *Defendant*, Atlantic Health Systems, Inc. ("OVERLOOK") is a private corporation doing business as Overlook Medical Center.

5. *Defendant*, Summit Oaks Hospital, Inc. ("OAKS") is a private corporation and subsidiary of Universal Health Services, Inc.

6. *Defendant*, Gene Lui ("LUI") is a doctor who has affiliations with THE HOSPITAL.

7. *Defendant*, Charles Roland ("ROLAND") is a social worker who has affiliations with THE HOSPITAL.

8. *Defendant*, Isidore Keiman ("KEMIAN") is a doctor who has affiliations with THE ASYLUM.

9. *Defendant*, David Ray ("RAY") is a nurse who has affiliations with THE ASYLUM.

### STATEMENT OF FACTS

10. On February 22, 2016, MR. POSYTON traveled to OVERLOOK.

11. While MR. POSYTON was waiting inside of OVERLOOK, a stranger, ROLAND, casually asked to speak with MR. POSYTON. Following ROLAND's brief conversation with MR. POSYTON, ROLAND decided that MR. POSYTON was going to be committed to a psychiatric hospital for the mentally insane.

12. MR. POSYTON demanded to be able to freely leave OVERLOOK. ROLAND told MR. POSYTON that if he were to leave OVERLOOK, the police officers that were stationed inside of OVERLOOK would capture him, and return his person to OVERLOOK.

Ronald H. Posyton, III

13. MR. POSYTON has never hurt himself; MR. POSYTON has never hurt others; MR. POSYTON has never developed thoughts about hurting himself; MR. POSYTON has never developed thoughts about hurting others.

14. MR. POSYTON had recently attained a 4.0 GPA at Union County College, and was currently studying economics at Rutgers University in New Brunswick.

15. Nevertheless, ROLAND briefly phoned LUI, who affirmed ROLAND's decision.

16. MR. POSYTON began to faintly cry, and begged to be able to leave OVERLOOK. However, ROLAND subsequently left, and MR. POSYTON was consequently imprisoned inside of OVERLOOK.

17. On February 23, LUI briefly spoke with MR. POSYTON. At the end of their conversation, LUI did not release MR. POSYTON because he had diagnosed MR. POSYTON with, "Crazy."

18. On February 24, at approximately 2:00am, MR. POSYTON's person was transported to OAKS.

19. KEMAIN, who was assigned to be MR. POSYTON's doctor, refused to release MR. POSYTON's person.

20. MR. POSYTON asked KEMIAN, "Where's my due process?" KEIMAN responded, "You don't have any due process, **I AM THE LAW**."

21. On March 2, after having been imprisoned for 10 days, MR. POSYTON began to reasonably express that the *Defendants* were depriving him of his Constitutional and Natural rights. RAY told MR. POSYTON that if he continued to express his views, MR. POSYTON was going to be "medicated." After MR. POSYTON had refused to stop advocating for his rights, RAY declared that he was going to inject MR. POSYTON with a slew of medications. MR. POSYTON knelt down to the floor, placed his hands behind his head, and remained silent. MR. POSYTON was then lifted to his feet, and RAY forced a slew of heavy sedative drugs into MR. POSYTON, which compelled MR. POSYTON to sleep for the following two days.

22. Ultimately, MR. POSYTON hand wrote a seven page § 1983 complaint, and gave it to OAKS.

23. On March 8, MR. POSYTON appeared before the Honorable Court who visits OAKS every two weeks. Following a roughly three minute hearing, the Court immediately released MR. POSYTON's person from OAKS.

24. Since MR. POSYTON had missed so much time at school, and even failed one class due to his lack of attendance, MR. POSYTON he was forced to withdraw from Rutgers.

Page- 3 of 5

Ronald H. Posyton, III

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Title 42 U.S.C. § 12101** *et seq.*
*Unjustified Institutionalization*
**(MR. POSYTON -vs- OVERLOOK & OAKS & LUI & ROLAND & KEIMAN)**

25. *Defendants*, contrary to the form of the conduct, refused to accommodate MR. POSYTON with his freedom, which in effect, demonstrates a violation of the American with Disabilities Act.

### SECOND CAUSE OF ACTION
**Tort**
*Illegal Seizure*
**(MR. POSYTON -vs- OVERLOOK & LUI & ROLAND)**

26. *Defendants*, contrary to the form of the conduct, illegally seized MR. POSYTON's person from the serenity of freedom without due process of law.

### THIRD CAUSE OF ACTION
**Tort**
*False Imprisonment*
**(MR. POSYTON -vs- OVERLOOK & OAKS & LUI & ROLAND & KEIMAN)**

27. *Defendants*, contrary to the form of the conduct, detained and imprisoned MR. POSYTON's person inside of hospitals without due process of law.

### FOURTH CAUSE OF ACTION
**Tort**
*Assault*
**(MR. POSYTON -vs- OVERLOOK & OAKS & ROLAND & RAY)**

28. *Defendants*, contrary to the form of the conduct, assaulted MR. POSYTON by placing him in a reasonable fear of imminent bodily harm.

### FIFTH CAUSE OF ACTION
**Tort**
*Battery*
**(MR. POSYTON -vs- OAKS & RAY)**

29. *Defendants*, contrary to the form of the conduct, battered MR. POSYTON by forcing unnecessary drugs into his person.

### SIXTH CAUSE OF ACTION
**Tort**
*Medical Malpractice*
**(MR. POSYTON -vs- All *Defendants*)**

30. *Defendants*, contrary to the form of the conduct, subjected MR. POSYTON to excessive medical treatment.

Ronald H. Posyton, III

### SEVENTH CAUSE OF ACTION
Tort
*Intentional/Negligent/ Reckless Infliction of Severe Emotional Distress*
(MR. POSYTON -vs- All *Defendants*)

31. *Defendant's* actions and omissions, contrary to the form of the conduct, subjected MR. POSYTON to suffer from severe emotion distress.

### EPILOGUE

32. As the direct and proximate cause of the *Defendant's* wrongdoings, MR. POSYTON suffered injuries of body and mind; loss of a semester of schooling; adverse reputation; irreparable, tangible, and opportunity harm; humiliation; emotional distress, depression, and loss of enjoyment of life.

33. All wrongdoings and wrongdoers that were not mentioned are now cited in this paragraph.

### PRAYER FOR RELIEF

34. MR. POSYTON repeats and re-alleges each and every allegation and idiom of the foregoing paragraphs as if fully set forth herein, and incorporates all past and future paragraphs and idioms as fully set forth *ab initio*.

WHEREFORE, the *Plaintiff*, Ronald H. Posyton, III, prays that this Honorable Court enter judgment in his favor against the above named *Defendants*, jointly and severally, as follows:

(1) For compensatory damages in the amount of $10,000,000; or such an amount that shall be proven at trial;
(2) For punitive damages to the fullest extent permitted by law;
(3) For declaratory judgement decreeing, -
- The New Jersey Charitable Immunity Act does not apply to claims surrounding civil commitment;
(4) For reasonable attorney, expert, counsel, and self-fees;
(5) For Court costs, expenses, and interest;
(6) For such other and further relief as this Honorable Court may deem just and proper;

Dated this 10th day of June 2016

**DEMAND FOR JURY TRIAL**

Respectfully submitted,
Under penalty of perjury,

Ronald Henry Posyton, III
Plaintiff, *pro se*
868 Carleton Road,
Westfield, New Jersey 07090
(908) 477-1238
ronposytoncollege@gmail.com

Page- 5 of 5

Ronald H. Posyton, III